FILED
United States Court of Appeals
Tenth Circuit

October 8, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FAZLULLAH MOHAMMED,

      Plaintiff-Appellant,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

      Defendant-Appellee.

No. 13-4041
(D.C. No. 2:11-CV-00542-DS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**O'BRIEN**, Circuit Judge.

Plaintiff Fazlullah Mohammed, relying on 29 U.S.C. § 1132 of the Employee

Retirement Income Security Act (ERISA), alleged that Metropolitan Life Insurance

Co. (MetLife) improperly denied his benefits claim. The district court granted

summary judgment for MetLife. Mr. Mohammed, proceeding pro se, appeals.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Mohammed claims that a workplace injury led to total loss of left shoulder and arm function. His employer's Accidental Death and Dismemberment Plan (the Plan) provides benefits for such an injury.

MetLife investigated the claim and arranged for two physicians to examine Mr. Mohammed's records. Both concluded that (1) the x-rays and other medical evidence showed plaintiff had pre-existing, advanced osteoarthritis in his shoulder, and (2) no medical evidence indicated that Mr. Mohammed's injury caused a permanent and total loss of function in his shoulder and arm. MetLife denied benefits.

Mr. Mohammed filed three administrative appeals. During the second appeal, MetLife obtained a report from a third physician who reached the same conclusions as the other physicians. MetLife denied all three appeals.

Mr. Mohammed filed this ERISA action and moved for summary judgment, which triggers the district court's determination of final judgment in an ERISA case. *See LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan*, 605 F.3d 789, 796 (10th Cir. 2010) (explaining that in an ERISA case, "summary judgment is merely a vehicle for deciding the case; the factual determination of eligibility for benefits is decided solely on the administrative record, and the non-moving party is not entitled to the usual inferences in its favor." (internal quotation marks omitted)).

The district court reviewed MetLife's investigation and considered the medical evidence. It concluded that (1) MetLife performed a full and fair review of plaintiff's claim; (2) Mr. Mohammed failed to provide medical evidence of an injury causing a permanent and total loss of function in his left shoulder or arm; and (3) MetLife reasonably determined Plaintiff was not entitled to benefits. Accordingly, it denied Mr. Mohammed's motion and entered judgment for MetLife.

We review summary judgment orders de novo and accord no deference to the district court's ERISA decision. *Weber v. GE Grp. Life Assurance Co.*, 541 F.3d 1002, 1010 (10th Cir. 2008). "Where, as here, an ERISA plan grants a plan administrator . . . discretion in interpreting the terms of, and determining the grant of benefits under, the plan, we are required to uphold the decision unless arbitrary and capricious." *Adamson v. Unum Life Ins. Co. of Am.*, 455 F.3d 1209, 1212 (10th Cir. 2006). Under this standard, "the decision will be upheld so long as it is predicated on a reasoned basis." *Id.*

Based on our careful review of the record, the parties' briefs, and the law governing this ERISA claim, we affirm the judgment of the district court for substantially the same reasons set forth in its Memorandum Decision of February 13, 2013.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

- 3 -